Gerald M. Needham, OSB #963746
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
Tel:    (503) 326-2123
Fax:    (503) 326-5524
jerry_needham@fd.org

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 3:21-cr-00205-HZ** |
| **Plaintiff,** | **MOTION FOR REVIEW OF DETENTION AND RELEASE ON PRETRIAL CONDITIONS** |
| **v.** | |
| **MALIK FARD MUHAMMAD,** | |
| **Defendant.** | |

NOW COMES Malik Muhammad, through his attorney, Gerald M. Needham, and moves to revoke the detention order entered on June 2, 2021 (ECF 9) and order that Mr. Muhammad be released on pretrial conditions, the most prominent of which is that he reside in a dual diagnosis inpatient treatment facility when bed space becomes available.

## I.     Course of Proceedings

Malik Muhammad made his initial appearance on June 1, 2021, in connection with a criminal complaint alleging violations of 26 U.S.C. § 5861(d) – Unlawful Possession of a Firearm not registered in the National Firearms Registration and Transfer Record; 18 U.S.C. § 231(a)(3) –

Civil Disorder – Obstruction of Law Enforcement; and 18 U.S.C. § 844(h)(1) and (2) – Explosive Materials – Commission of a Federal Felony. He was detained and the matter continued to June 2, 2021, for a detention hearing. After argument on June 2, 2021, the Magistrate Court entered an order detaining Mr. Muhammad as a risk of flight and danger to the community. On June 30, 2021, Mr. Muhammad was arraigned on a six-count indictment charging two counts of Civil Disorder in violation of 18 U.S.C. § 231(a)(3); two counts of Using an Explosive to Commit a Felony in violation of 18 U.S.C. § 844(h)(1); and two counts of Unlawful Possession of a Destructive Device in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. The trial is presently set for November 16, 2021.

## II.    Arrest of Mr. Muhammad

The allegations in the indictment concern events that purportedly occurred on September 21 and 23, 2020. Mr. Muhammad was initially arrested on October 11, 2020, by Portland Police Bureau officers who were monitoring and observing a Black Lives Matter protest in downtown Portland. Mr. Muhammad was observed by undercover federal agents and identified as a suspect in throwing Molotov cocktails in connection with protest at the Multnomah County Sheriff's Office (Penumbra Kelly Building) located at 4735 East Burnside Street, Portland, Oregon, on September 21, 2020, and on September 23, 2020, near the Multnomah County Justice Center. A handgun was recovered in the vicinity of Mr. Muhammad's arrest and a pistol magazine with ammunition was recovered from his person. Mr. Muhammad is not charged with illegal possession of a firearm or ammunition as on October 11, 2020, he was not a prohibited person. Mr. Muhammad was arrested, fingerprinted, photographed, and released. He was given a court date in Multnomah County. Mr. Muhammad posted security in the amount of $4,000 and was

released. An order of dismissal was entered on February 10, 2021.  Mr. Muhammad did appear remotely for his court appearance in Multnomah County, prior to the dismissal.

On April 3, 2020, Mr. Muhammad was living openly in his home in Marion, Indiana. Portland Police Bureau, Multnomah County District Attorney's Office, and arresting agents were aware of his residence. He was taken into custody in connection with an 11-count Multnomah County indictment which was superseded with a 26-count indictment. Mr. Muhammad waived extradition from Indiana to Oregon. After appearing in Multnomah County for his arraignment on the indictment on May 26, 2021, bond was posted for Mr. Muhammad's release by a nonprofit organization – The Freedom Fund – in the amount of $212,000.  Mr. Muhammad was released and ordered to meet with state pretrial services officers in Multnomah County the following day. He met with Multnomah County pretrial services officers on May 27 for the installation of Global Positioning Satellite (GPS) electronic monitoring. Approximately five hours later, he was arrested on the federal criminal complaint.

## III.    Malik Muhammad's Background

Malik Muhammad is a 24-year-old man born and raised in Chicago, Illinois. He has been residing in Marion, Illinois, since 2018. He is a veteran of the United States Army. He enlisted in 2015. He received an honorable discharge in 2018. Due to injuries suffered in the military, he receives disability benefits from the Veterans Affairs (VA). He received his Graduate Equivalency Diploma in 2015.

## IV.    LAW AND ANALYSIS

The Bail Reform Act mandates release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).  The charges

PAGE 3.    MOTION FOR REVIEW OF DETENTION AND RELEASE ON PRETRIAL CONDITIONS

in this case trigger the rebuttable presumption for detention in 18 U.S.C. § 3142(e)(3)(A) and (B). The rebuttable presumption shifts only the burden of production, the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008), citing *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991) (A defendant need only present "some evidence" to overcome the presumption). A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B).

In determining whether the pretrial detention standard is met, the Court should consider the following factors:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug and alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would by posed by the defendant's release.  18 U.S.C. § 3142(g).  The "weight of the evidence" is the least significant factor. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

Mr. Muhammad acknowledges that the allegations against him are quite serious. When initially arrested in Portland in October, he followed through on the conditions of his release and appeared remotely from his home in Indiana. He retained the services of an attorney and furnished his address and contact information to law enforcement and court officials. He appeared when required. When the indictment was filed in Multnomah County, he was arrested at his residence. Law enforcement officers arrived at his home in the early morning and through loudspeakers instructed him to come outside. He immediately complied and was taken into custody. He voluntarily waived extradition to Oregon. After bond was posted and he was released in

Multnomah County, he appeared as required by his state supervision officers to come to their office the following day for installation of his GPS monitoring. He did what was required of him.

Mr. Muhammad does not possess a passport. He does not have the financial means to flee the jurisdiction of the Court. He has demonstrated his ability to follow the requirements of a release order. Counsel believes that there are conditions of release to assure that Mr. Muhammad is not a danger to the community. In additional materials furnished to the Court, Mr. Muhammad's drug, alcohol, and psychiatric issues are addressed with recommendations for his treatment at an inpatient dual diagnosis facility.

Mr. Muhammad's criminal history is relatively limited. He was not a convicted felon at the time of the offenses alleged to have occurred. He does acknowledge issues with alcohol use. He suffered a felony conviction for a second Driving While Intoxicated in 2020. He was ordered to self-report to complete service of that sentence, and did so without incident.

## V.    Conclusion

Counsel submits that there are conditions that the Court can impose that will "reasonably assure" that Mr. Muhammad is not a risk of flight or a danger to the community.

Respectfully submitted on October 26, 2021.

/s/ Gerald M. Needham
Gerald M. Needham
Assistant Federal Public Defender